**ARNDT v. WHITE et al.** (No. 8120.)

Court of Civil Appeals of Texas. San Antonio. Jan. 16, 1929.

S. B. Carr, of Floresville, for appellant.

Lee R. York, of Abilene, and W. H. Blanton, of Floresville, for appellees.

FLY, C. J. This is a suit instituted by the appellant against J. R. White, Lee R. York, and Montie Brown, for the rescission and cancellation of a certain contract for the exchange of real estate. The cause was heard by the court, without a jury, and judgment was rendered in favor of appellees.

The suit is based on the alleged breach of a written contract for the exchange of two lots owned by J. R. White in the town of Abilene,

Tex., for 247 acres of land owned by appellant in Wilson county. Montie Brown assumed the payment of about $120 to appellant. Appellant claimed that the contract had been breached by the failure of White, within 10 days, as agreed in the contract, to furnish an abstract of title showing marketable title to the lots in Abilene, and a failure to send to appellant the rents arising from the Abilene property, and also that the deeds to the properties were placed in escrow with Lee R. York to be held until all the requirements of the contract were complied with, but York failed to retain the deeds in escrow "nor did he deliver them in accordance with the escrow agreement, but delivered the deeds in defiance thereof."

The evidence clearly showed that time was not of the essence of the contract to furnish abstracts in 10 days. Appellant testified that he did not hold White to the 10 days' clause as to the abstract, nor as to the clause that the contract should be closed in 20 days. Appellant had agreed to furnish an abstract of his title to White in 10 days, but did not do so. Neither of the parties treated the time in which the abstracts should be furnished as of any importance. If the contract could at any time have been rescinded for a failure to deliver an abstract of title in a certain time, the provision was ignored and waived by both parties. Appellant got the abstract provided for in the contract and has shown nothing entitling him to favorable action in a court of equity. Appellant admitted that if the $100 and the rent had been paid by Brown, he would have closed the deal, and would not have attempted to hold White to the 10 days' clause. This shows that appellant had no basis whatever for the equitable relief sought by him.

It is clear that no clause for a rescission exists because the deeds may have been prematurely delivered by a third party. There is nothing to indicate that appellant was injured by delivery of the deed to White.

The first and second assignments of error assail findings by the judge that Lee R. York was authorized to deliver the deed from Arndt and wife to J. R. White and appellant ratified such delivery. While we fail to find that the court filed any findings of fact, and do not see the basis for the assignments, still we believe the facts would have justified such findings.

The third error assigned is that the court erred in considering a certain letter written by George Wilson to appellant. The record does not disclose that any objection was urged to placing the letter in evidence, and no bill of exceptions was retained to its admission. Of course there is no basis for it.

The fourth assignment of error assumes that the court held certain things about appellant not being in "position to place defendant White in statu quo," but we find no predicate for that in the record, and the assignment must be overruled.

The fifth assignment is too general and indefinite to be considered.

This court with propriety could have refused to consider this appeal under appellant's brief, but has considered every point that could have arisen.

The judgment is affirmed.